# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAYMOND HAYWOOD,
Plaintiff,

vs.

NICHOLAS GIFFORD, *et al.*,
Defendants.

Case No. 1:17-cv-398

Black, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

On June 12, 2017, plaintiff initiated this prisoner civil rights action brought pursuant to 42 U.S.C. § 1983 by filing a motion for leave to proceed *in forma pauperis*. (*See* Doc. 1). However, plaintiff failed to sign his complaint or financial affidavit, and failed to provide a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint.

On June 14, 2017, the undersigned issued a Deficiency Order requiring plaintiff to sign his complaint and financial affidavit. Plaintiff was further ordered to provide a certified copy of his trust fund account statement. (Doc. 2). Plaintiff was advised "[i]f plaintiff fails to comply with this Order, the Court shall dismiss this case for want of prosecution." (*Id.* at PageID 23).

Plaintiff partially complied with the Deficiency Order by submitting a certified copy of his trust fund account statement on June 23, 2017. However, because plaintiff failed to sign his financial affidavit or complaint, the Court issued a second Deficiency Order on July 20, 2017. (Doc. 4). Plaintiff was ordered to provide the Court with a signed complaint and financial affidavit within thirty (30) days. Plaintiff was again advised that "if he fails to comply with this Order within the requisite 30-day period, this case will be dismissed for want of prosecution." (*Id.* at PageID 27)

To date, more than thirty (30) days after the Court's July 20, 2017 Order, plaintiff has failed to comply with or respond to the Order.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's July 20, 2017 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 8/23/17

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DAYMOND HAYWOOD,
    Plaintiff,

    vs.

NICHOLAS GIFFORD, *et al.*,
    Defendants.

Case No. 1:17-cv-398

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).