**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DAYMOND HAYWOOD,

    Plaintiff,

v.

NICHOLAS GIFFORD,

    Defendant.

Case No. 1:17-cv-398
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

### ORDER

This cause comes before the Court on the Magistrate Judge's July 21, 2021, Report and Recommendation ("R&R") (Doc. 53). The Magistrate Judge recommends that the Court **DENY AS MOOT** defendant Gifford's Motion for Summary Judgment (Doc. 44), **GRANT** defendant Gifford's Amended Motion for Summary Judgment (Doc. 46), **DENY** plaintiff Haywood's Motion for Summary Judgment (Doc. 51), and **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

The R&R advised both parties that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 53, #388). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C.

§ 636(b)(1)(C). Accordingly, the parties here needed to object by August 4, 2021. The time for filing objections has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the Magistrate Judge's R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). Haywood sues under 42 U.S.C. § 1983, which prohibits any person "under color of any statute, ordinance, regulation, custom, or usage, of any State" from depriving a United States citizen or other person within the jurisdiction thereof "of any rights, privileges or immunities secured by the Constitution and laws." According to Haywood, Gifford transgressed that statutory command by violating the Eighth Amendment.

As the R&R explains, the Eighth Amendment protects a prisoner's right to be free from the use of "excessive force" by prison officials. (*See* Doc. 53, #381 (citing *Whitley v. Albers,* 475 U.S. 312, 327 (1986))). In determining whether the use of force at issue in a given suit was "excessive," the "core judicial inquiry is … whether force

was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

In a thorough and well-reasoned opinion, the Magistrate Judge concludes that there is no genuine dispute of material fact that Gifford used the force at issue here in a good-faith effort to restore discipline. Haywood has testified that he "acted out" and actively resisted Gifford's efforts to return Haywood to his cell, including disobeying Gifford's direct order to return to his cell. (*See* Pl. Deposition, Doc. 40-1, #173–74). This interaction was recorded on video, which confirms Haywood's acknowledgment that he physically resisted Gifford's efforts to return him to his cell. (*See* Def. Mot. for Summ. J., Doc. 44-1, Ex. A).

In short, the Court finds no clear error in the Magistrate Judge's determination that the use of force here was consistent with the Eighth Amendment. Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 53). The Court thus **GRANTS** Gifford's Amended Motion for Summary Judgment (Doc. 46) and **DENIES AS MOOT** Gifford's original Motion for Summary Judgment (Doc. 44). The Court further **DENIES** Haywood's Motion for Summary Judgment (Doc. 51). Finally, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith.

The Court **ORDERS** the Clerk to enter final judgment in Gifford's favor and to **TERMINATE** this case on the docket.

**SO ORDERED.**

September 29, 2021
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**